WO             IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF ALASKA

JOANNE CHITWOOD,                           )
                                           )
                          Plaintiff,       )
                                           )
    vs.                                    )
                                           )
JOHN EDMUND BACON and                      )
KATHERINE BACON,                           )
                                           )   No. 3:20-cv-0122-HRH
                          Defendants.      )
_____)

O R D E R

Motion to Amend; Motion to Dismiss;
Motion for Bench Trial

Plaintiff moves to amend her complaint.[1] Defendant Katherine Bacon opposes this motion[2] and moves to dismiss John Edmund Bacon as a defendant.[3] This motion is opposed.[4] Plaintiff also moves for a bench trial.[5] This motion is opposed.[6] Oral argument was not requested on any of the pending motions and is not deemed necessary.

---

[1]Docket No. 11.

[2]Docket No. 13.

[3]Docket No. 14.

[4]Docket No. 15.

[5]Docket No. 18.

[6]Docket No. 20.

-1-

Background

Plaintiff Joanne Chitwood brings this negligence action against defendants John Edmund Bacon and Katherine Bacon. Plaintiff alleges that she was injured when she stepped in a pothole on defendants' property.[7] Plaintiff seeks $609,777 in damages.[8]

Motion to Amend Complaint

With no citation to any authority, plaintiff seeks to amend her complaint to reflect that Safeco Insurance Company of Indiana is the real party in interest. Plaintiff's proposed amended complaint would add allegations that defendants have liability insurance coverage with Safeco that would be sufficient to cover any losses she might recover and that Safeco is the real party in interest in this case.[9] The proposed amended complaint would also add an allegation that Mr. Bacon passed away on October 29, 2019 and that no estate has been opened for him.[10] Finally, plaintiff proposes amending the caption so that it would read: "Katherine Bacon and John E. Bacon, as the Named Insureds of Safeco Insurance Company of Indiana, The Real Party in Interest."[11] Plaintiff argues that these amendments are necessary to prevent jurors from being swayed to find for Mrs. Bacon, not because she is not

---

[7] Complaint at 2, ¶¶ 7-12, Docket No. 2.

[8] Id. at 3, ¶ 1.

[9] Proposed First Amended Complaint at 3, ¶¶ 18-19, attached to Motion to Amend Complaint, Docket No. 11.

[10] Id. at ¶¶ 16-17.

[11] Id. at 1.

-2-

liable, but because they do not want to "negatively impact Ms. Bacon's already-difficult financial situation, because her husband recently passed away."[12] Plaintiff argues that in order to have a fair trial in this case, jurors must be informed that any potential award would come from Safeco, not Mrs. Bacon.

Motions to amend prior to trial are governed by Rule 15(a), Federal Rules of Civil Procedure. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)(2)). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id.

Plaintiff's proposed amendment would be futile. Under Alaska law, a plaintiff may not bring direct claims against alleged tortfeasor's insurers. See Severson v. Severson's Estate, 627 P.2d 649, 651 (Alaska 1981). And, while plaintiff has not asserted, in her proposed amended complaint, a direct claim against Safeco, she cannot avoid this rule by trying to name Safeco as the real party in interest, instead of a defendant.

What plaintiff is attempting to do in her proposed amended complaint is similar to what the plaintiffs attempted to do in Hamilton v. Blackman, 915 P.2d 1210 (Alaska 1996). There, the plaintiffs "brought a tort action against a deceased person, William Blackmon." Id. at 1211. In response to a motion to dismiss, the plaintiffs argued that they "should be

---

[12]Motion to Amend Complaint at 2, Docket No. 11.

permitted . . . to amend their complaint to assert a claim against State Farm as the real party in interest . . . since their recovery will be limited to Blackmon's insurance coverage." Id. at 1212-13. The Alaska Supreme Court held that "[a] plaintiff seeking an award within the limits of a deceased tortfeasor's liability insurance policy must . . . obtain court appointment of a personal representative and bring suit against the personal representative[,]" thereby implying that the plaintiffs could not bring a claim against State Farm as the real party in interest. Id. at 215.

Similarly here, plaintiff wants to name Safeco as the real party in interest because any recovery she might obtain will be limited to Mrs. Bacon's insurance coverage. But just as the plaintiffs in Blackmon had no basis for asserting a claim against State Farm as the real party in interest, plaintiff has no basis for naming Safeco as the real party in interest.

In the proposed amended complaint, plaintiff alleges that Safeco is the real party in interest pursuant to Alaska Rule of Civil Procedure 17 and AS 13.16.460(c)(2). But neither of these provide a basis for plaintiff to amend her complaint to name Safeco as the real party in interest. Alaska Rule 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest" but does not define who is a real party in interest. AS 13.16.460 addresses the statute of limitations for claims brought against a decedent's estate and thus has no application to the issue of whether plaintiff can amend her complaint to name Safeco as the real party in interest.

Plaintiff's concern that a jury might be inclined to be more sympathetic toward Mrs. Bacon than it would be to a large insurance company does not justify the amendment plaintiff seeks here. A jury must base the amount of damages on the evidence that the plaintiff presents and consideration of how that amount might be paid is irrelevant. Moreover, the introduction of evidence of liability insurance is limited by Federal Rule of Evidence 411, which provides that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." While such evidence may be admissible "for another purpose," id., "evidence of insurance . . . is not admissible on the issue of damages[.]" Larez v. Holcomb, 16 F.3d 1513, 1518 (9th Cir. 1994).

Finally, plaintiff's reliance on Myers v. Robertson, 891 P.2d 199 (Alaska 1995), is misplaced. There, the Alaska Supreme Court held that "in intra-family negligence actions . . . , the jury should be informed of an insurer's status as the real party in interest in order to avoid confusion and prejudice against either the plaintiffs or defendants." Id. at 207. This case does not involve intra-family negligence, and the court declines plaintiff's invitation to extend the holding of Myers to cases such as this.

Plaintiff's motion to amend her complaint is denied.

## Motion to Dismiss Mr. Bacon

Mrs. Bacon moves to dismiss Mr. Bacon as a defendant because Mr. Bacon passed away in October 2019 and no estate has been opened on his behalf. "[A] party cannot

-5-

maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit." LN Management, LLC v. JPMorgan Chase Bank, N.A., 957 F.3d 943, 955 (9th Cir. 2020). Rather, "a plaintiff must open an estate and obtain appointment of a personal representative to give a trial court personal jurisdiction over the estate. . . ." Hamilton, 915 P.2d at 1216.

In response, plaintiff offers to dismiss Mr. Bacon if Mrs. Bacon will agree to either substitute Safeco for Mr. Bacon or allow her to amend her complaint as she has proposed.[13] But, Mrs. Bacon has not agreed to such a substitution, and as discussed above, plaintiff cannot amend her complaint as she has proposed.

Mrs. Bacon's motion to dismiss Mr. Bacon as a defendant is granted.

Motion for a Bench Trial

Plaintiff moves for a bench trial rather than a jury trial in this matter. In her complaint, plaintiff made a jury demand,[14] but now seems to want to withdraw that demand because of the COVID-19 pandemic and the impact it is having on jury trials. "There is no dispute that the Seventh Amendment right to a jury trial, like other constitutional rights, can be waived." Fuller v. City of Oakland, Cal., 47 F.3d 1522, 1530 (9th Cir. 1995).

---

[13]In the alternative, plaintiff states that she will open an estate if necessary so that the estate can be substituted for Mr. Bacon. The court will address such a substitution should plaintiff move to amend her complaint to add Mr. Bacon's estate as a defendant.

[14]Complaint at 3, ¶ 3, Docket No. 2.

-6-

However, Mrs. Bacon has demanded a jury trial,[15] and "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." Fed. R. Civ. P. 38(a).

> When a jury trial has been demanded under Rule 38, . . . [t]he trial on all issues so demanded must be by jury unless:
>
> (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
>
> (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

Fed. R. Civ. P. 39(a). Neither of these two exceptions applies here.

Nonetheless, plaintiff argues that the court should order a bench trial be held in this matter because the current public health crisis is a compelling state interest that would allow the court to compromise Mrs. Bacon's right to a jury trial. Plaintiff insists that a bench trial would be more judicially efficient in light of the pandemic and that a jury trial will adversely affect her rights, such as her right of access to the courts and her right to a speedy trial. Plaintiff also seems to suggest that a bench trial would be appropriate here because she is limiting her recovery to the proceeds of Mrs. Bacon's liability insurance.

Plaintiff's motion for a bench trial is largely premature. While there is no doubt that the COVID-19 pandemic has impacted jury trials, this case is in the earliest stages of development, and as is reflected in the scheduling and planning order, discovery in this case

---

[15]Docket No. 9.

-7-

Case 3:20-cv-00122-HRH   Document 22   Filed 09/24/20   Page 7 of 8

will not close until August 2021.[16] The earliest a trial could be scheduled in this case is the fall of 2021. No one knows what impact the COVID-19 pandemic might still be having on federal courts and jury trials at that time. Moreover, and more importantly, judicial economy does not outweigh Mrs. Bacon's constitutional right to a jury trial, a right she has not agreed to waive.

Plaintiff's motion for a bench trial is denied.

## Conclusion

Plaintiff's motion to amend[17] is denied. Mrs. Bacon's motion to dismiss John Edmund Bacon is granted,[18] and Mr. Bacon is dismissed as a defendant in this matter. Plaintiff's motion for a bench trial[19] is denied.

DATED at Anchorage, Alaska, this 24th day of September, 2020.

/s/ H. Russel Holland
United States District Judge

---

[16]Scheduling and Planning Order at 4, Docket No. 19.

[17]Docket No. 11.

[18]Docket No. 14.

[19]Docket No. 18.