WO        IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOANNE CHITWOOD, ) <br> ) <br>            Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN EDMUND BACON and ) <br> KATHERINE BACON, ) <br> ) <br>            Defendants. ) <br> _____) | No. 3:20-cv-0122-HRH |

O R D E R

Motion to Bifurcate the Trial

Plaintiff JoAnne Chitwood moves to bifurcate the trial in this case.[1] This motion is opposed by defendant Katherine Bacon.[2] Oral argument was not requested and is not deemed necessary.

"Federal Rule of Civil Procedure 42(b) permits a court to order a separate trial of separate claims or issues '[f]or convenience, to avoid prejudice, or to expedite and economize.'" Estate of Diaz v. City of Anaheim, 840 F.3d 592, 601 (9th Cir. 2016). "'Rule 42(b) gives courts the authority to separate trials into liability and damage phases[,]'" which

---

[1] Docket No. 23.

[2] Docket No. 24.

is what plaintiff seeks here. Id. (quoting De Anda v. City of Long Beach, 7 F.3d 1418, 1421 (9th Cir. 1993)).

Plaintiff argues that bifurcating the trial between liability and damages would be more economical for the court, the litigants, and the jurors because the liability trial will be short and may eliminate the need for a trial on damages either due to a defense verdict or the increased likelihood of settlement after liability has been established. Plaintiff also suggests that bifurcation of liability and damages in this instance is especially appropriate given the COVID-19 pandemic and the impact it is having on litigation and trials.

Plaintiff's motion to bifurcate is denied. First of all, the motion is premature given that substantial discovery has not yet taken place. See Krueger v. New York Tele. Co., 163 F.R.D. 446, 448 (S.D.N.Y. 1995) (bifurcation motion "premature because discovery is not yet complete"). In fact, discovery in this case does not close until August 2021.[3] Secondly, plaintiff's contention that bifurcating the trial could eliminate the need to try damages is nothing more than speculation. Plaintiff's counsel's experience in one other case[4] does not make it otherwise. Moreover, the "observation that a jury determination of no liability would eliminate the need for a trial on damages is true in any negligence case—it does not advance the cause of bifurcation." Brown v. Advantage Engineering, Inc., 732 F. Supp. 1163, 1171 (N.D. Ga. 1990). Thirdly, contrary to plaintiff's contention that bifurcation would be more

---

[3]Scheduling and Planning Order at 4, Docket No. 19.

[4]See Affidavit of Richard L. Harren in Support of Motion to Bifurcate the Trial, appended to Motion to Bifurcate the Trial, Docket No. 23.

-2-

economical, a second trial could as easily create additional expense and inconvenience to all involved. Finally, any impact that COVID-19 may be having on trials in this district by the time this case is ready for trial in the latter part of 2021 is unknown.

DATED at Anchorage, Alaska, this 30th day of December, 2020.

/s/ H. Russel Holland
United States District Judge