IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOANNE CHITWOOD,<br><br>                      Plaintiff,<br><br>  vs.<br><br>KATHERINE BACON,<br><br>                      Defendant. | Case No. 3:20-cv-00122-HRH |

O R D E R

Motion for Summary Judgment[1]

Defendant Katherine Bacon moves for summary judgment. This motion is opposed.[2] Plaintiff has requested oral argument, but the court deems it unnecessary.

Background

This case arises from plaintiff JoAnne Chitwood's claim that she fell in the parking lot of defendant Katherine Bacon's home and was injured. Defendant lived in Palmer, Alaska, with her husband, who had Alzheimer's disease.[3] On defendant's

---

[1]Docket No. 42.

[2]Docket No. 50.

[3]Bacon Affidavit at 1, Exhibit B, Motion for Summary Judgment, Docket No. 42-2.

ORDER – Motion for Summary Judgment       - 1 -

property, in front of her home, was a gravel parking lot.[4] Plaintiff was a hospice nurse.[5] On June 18, 2018, plaintiff came to defendant's home to evaluate defendant's husband for hospice care.[6] This was the first time she had visited defendant's house.[7] It was cloudy and overcast that day.[8]

In her deposition, plaintiff testified that when she arrived, she parked toward the back of the gravel parking area.[9] She then exited her car and looked for an entrance – first by a chain link fence, then along the house – until she found a door, knocked, and the defendant let her inside.[10] After she concluded her meeting with the defendant, plaintiff exited the house.[11] Plaintiff alleges that she took a different route out of the house than she took to get inside when she arrived.[12] Plaintiff states that she carried a

---

[4]Id.

[5]Chitwood Affidavit at 1, ¶ 1, Exhibit 15, Opposition to Motion for Summary Judgment, Docket No. 50-15.

[6]Bacon Affidavit at 1, Exhibit B, Motion for Summary Judgment, Docket No. 42-2.

[7]Chitwood Deposition at 5, Exhibit A, Motion for Summary Judgment, Docket No. 42-1.

[8]Id. at 14.

[9]Id.

[10]Id. at 15.

[11]Id.

[12]Chitwood Affidavit at 3, ¶ 6, Exhibit 15, Opposition to Motion for Summary Judgment, Docket No. 50-15.

ORDER – Motion for Summary Judgment - 2 -

folder, or notebook, in one arm, and her work phone in the other.[13] Plaintiff alleges that she looked to see where her car was parked.[14]

According to plaintiff, she then stepped into and fell in a hole in the gravel parking lot.[15] Defendant, however, describes the depression in the ground in which plaintiff fell as a "tire impression."[16] Plaintiff alleges that when she fell, both feet went into the indentation, and she "twisted and went around and went down," twisting both of her ankles and falling on her right side.[17] She states that she sprained her right ankle, fractured her left ankle, and twisted her left knee.[18]

Defendant alleges that after she met with plaintiff, she received a call from her, asking for help and stating that she had fallen in the parking lot.[19] According to

---

[13]Chitwood Deposition at 16, Exhibit A, Motion for Summary Judgment, Docket No. 42-1; Chitwood Affidavit at 3, ¶ 6, Exhibit 15, Opposition to Motion for Summary Judgment, Docket No. 50-15.

[14]Chitwood Deposition at 16, Exhibit A, Motion for Summary Judgment, Docket No. 42-1.

[15]Chitwood Affidavit at 3, ¶ 6, Exhibit 15, Opposition to Motion for Summary Judgment, Docket No. 50-15.

[16]Bacon Affidavit at 2, Exhibit B, Motion for Summary Judgment, Docket No. 42-2.

[17]Chitwood Deposition at 17, Exhibit A, Motion for Summary Judgment, Docket No. 42-1.

[18]Id.

[19]Bacon Affidavit at 2, Exhibit B, Motion for Summary Judgment, Docket No. 42-2.

defendant, she then went outside to the parking lot, where she saw plaintiff lying on the ground, "near a tire impression in the gravel," and that she then called 911.[20]

Following plaintiff's fall, defendant did not hear from plaintiff again until April of 2019, when plaintiff returned to defendant's house and told defendant that she wanted to make a claim based upon her fall on June 18, 2018.[21]

According to defendant, no photos were taken of the lot until May 2019.[22] However, plaintiff has described the area in which she fell. According to plaintiff, the depressed area of ground was about the size of a tire imprint: it was rectangular, a couple of inches deep, and about eight to ten inches wide.[23] Plaintiff alleges that she did not see the depression before she fell.[24] To plaintiff:

> it looked like . . . the ground just sunk. . . . [I]t wasn't a hole that had the rocks out of it. It was gravel all around on all sides, and it was like it sunk. And so it was same color gravel as the outside, and it . . . just didn't stand out to me."[25]

And:

> it had been raining, so . . . what I stepped in was actually an indentation from water collecting around a tire, making a sinkhole in the gravel.[26]

---

[20]Id.

[21]Id.

[22]Id.

[23]Chitwood Deposition at 13, Exhibit A, Motion for Summary Judgment, Docket No. 42-1.

[24]Id. at 16.

[25]Id.

[26]Chitwood Deposition at 15 of 47, Exhibit 1, Opposition to Motion for Summary
(continued...)

ORDER – Motion for Summary Judgment — 4 —

Plaintiff also alleges that defendant told her that she had stepped into a vehicle tire indentation, left by a parked vehicle that sunk into the ground during break-up.[27]

For her part, defendant alleges that she did not notice the tire impression until after plaintiff fell.[28] She asserts that prior to plaintiff's fall, nobody had ever expressed any concerns or mentioned any unsafe conditions about the gravel parking lot in front of her house, nor had anyone ever complained about losing their footing and falling.[29]

One of the EMTs who transported plaintiff to the hospital following her accident also described the parking area in an affidavit and at a deposition. He described the area where plaintiff fell as an uneven portion of the parking lot, only inches deep, and stated that he could not recall anything remarkable about the parking area.[30] He stated that "the terrain in the area was rocky and uneven[]" and that "[he] saw the hole in the ground Ms. Chitwood stated she had stepped in resulting in the injury."[31] Further, he stated that

---

[26](...continued)
Judgment, Docket No. 50-1.

[27]Chitwood Deposition at 13, Exhibit A, Motion for Summary Judgment, Docket No. 42-1.

[28]Bacon Affidavit at 2, Exhibit B, Motion for Summary Judgment, Docket No. 42-2.

[29]Id. at 1-2.

[30]Williamson Deposition at 2-5, Exhibit L, Motion for Summary Judgment, Docket No. 42-14.

[31]Williamson Affidavit at 1, ¶ 5, Exhibit 2, Opposition to Motion for Summary judgment, Docket No. 50-2.

ORDER – Motion for Summary Judgment - 5 -

he did not remember having any trouble walking in the parking area, nor could he remember having any problems transporting plaintiff from the area.[32]

Discussion

Rule 56(a), Federal Rules of Civil Procedure, provides that upon motion, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of proving that no material fact is disputed. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The moving party can satisfy this burden by showing that there exists an absence of evidence to support the nonmoving party's case. Id. If the moving party meets that burden, then the nonmoving party must present facts that indicate a genuine issue as to a material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

The nonmoving party "must demonstrate that enough evidence supports the alleged factual dispute to require a finder of fact to make a determination at trial between the parties' differing versions of the truth." Millo v. Delius, 872 F. Supp. 2d 867, 872 (D. Alaska 2012) (citing Anderson, 477 U.S. at 248-49). The court must draw "all justifiable inferences" in the nonmoving party's favor. Anderson, 477 U.S. at 255. A material fact is genuinely disputed if the evidence is such as would permit a reasonable fact finder to return a verdict for the nonmoving party. Id. at 248. Although Alaska substantive law applies in this diversity case, the court looks to federal law "in determin-

---

[32]Williamson Deposition at 4, Exhibit L, Motion for Summary Judgment, Docket No. 42-14.

ORDER – Motion for Summary Judgment - 6 -

ing whether certain evidence on a particular issue is sufficient to raise a question for the jury." Neely v. St. Paul Fire and Marine Ins. Co., 584 F.2d 341, 345 (9th Cir. 1978).

In a negligence case, the plaintiff "has the burden of showing that the defendant owed h[er] a duty, that the defendant breached that duty, that [s]he was injured, and that the breach of duty was the proximate cause of h[er] injury." Edenshaw v. Safeway, Inc., 186 P.3d 568, 571 (Alaska 2008), abrogated in part, on other grounds, in Buntin v. Schlumberger Tech. Corp., 487 P.3d 595 (Alaska 2021). Thus, "[b]efore a defendant can be held liable for negligence, it must be established that the defendant owed a duty of care to the plaintiff." Fisher v. Home Depot U.S.A., Inc., No. 3:18-cv-00226-SLG, 2019 WL 4131699, at *3 (D. Alaska Aug. 30, 2019) (quoting Estate of Mickelsen ex rel. Mickelsen v. N.-Wend Foods, Inc., 274 P.3d 1193, 1198 (Alaska 2012)).

Defendant argues that she is entitled to summary judgment because plaintiff cannot establish the duty prong of her negligence claim. Defendant would have the court narrowly construe the duty of care to the specific facts of this case and argues that plaintiff has offered no admissible evidence that such a duty exists and, further, that public policy considerations do not support judicial construction of such a duty of care.[33] In the alternative, defendant contends that she had no duty to warn plaintiff of the conditions in her parking lot, as the nature of the parking lot was open and obvious.[34] Plaintiff,

---

[33] Motion for Summary Judgment at 16-18, Docket No. 42; Reply in Support of Motion for Summary Judgment at 2, 4-5, 7-8, Docket No. 51.

[34] Motion for Summary Judgment at 9-14, Docket No. 42; Reply in Support of Motion to Dismiss at 5-8, Docket No. 51.

ORDER – Motion for Summary Judgment - 7 -

however, argues that defendant owed her a duty[35] "to guard against unreasonable risks created by a dangerous condition on the property."[36]

"The scope and existence of a duty of care are questions of law[.]" Fisher, 2019 WL 4131699, at *3 (alteration in original) (quoting Schack v. Schack, 414 P.3d 639, 641 (Alaska 2018)); Guerrero v. Alaska Hous. Fin. Corp., 6 P.3d 250, 255 (Alaska 2000) (determination of the existence of a duty of care is a threshold legal question). While these legal questions can be decided at the summary judgment stage, summary judgment is only "appropriate where 'the only reasonable inference from the undisputed facts is that one party owed another no duty whatsoever – or owed a duty clearly and vastly narrower in scope than the one that the other party asserts.'" Id. (quoting Hurn v. Greenway, 293 P.3d 480, 483 (Alaska 2013)); Wongittilin v. State, 36 P.3d 678, 681 (Alaska 2001) (determination of nature and extent of duty can be decided at summary judgment stage). Summary judgment is generally disfavored when the parties do not dispute the existence of a duty, but the scope of that duty is disputed. Morrison v. United States, No. 4:15-CV-00014-JWS, 2017 WL 2683675, at *2 (D. Alaska June 20, 2017). This is so because it is "harder to show that there are no genuinely disputed material facts when the existence of a duty is clear and the question is of its precise scope, or whether given conduct fulfilled it." Id. (quoting Arctic Tug & Barge, Inc. v. Raleigh, Schwarz & Powell, 956 P.2d 1199, 1205 (Alaska 1998)).

To determine whether a duty of care exists, the Alaska Supreme Court "[f]irst . . . look[s] for a duty imposed by statute. If none exists, . . . [the court] then determine[s] if

---

[35]Plaintiff asserts that the existence of this duty is undisputed; but the nature and scope of the duty of care owed to plaintiff is of primary dispute in this case.

[36]Opposition to Motion for Summary Judgment at 7, Docket No. 50.

the current case falls in the class of cases controlled by existing precedent. If no closely related case law exists, . . . [the court] weigh[s] the public policy considerations enumerated in D.S.W. v. Fairbanks North Star Borough Sch[.] Dist[.,]" 628 P.2d 554 (Alaska 1981). Estate of Mickelsen ex rel. Mickelsen, 274 P.3d at 1199 (citations omitted).

The parties do not contend a statutory duty of care applies in this case. Here, case law is instructive. "The general rule of landowner liability as established by . . . [Alaska's] case law is that landowners have a 'duty to use due care to guard against unreasonable risks created by dangerous conditions existing on their property.'" Id. (quoting Burnett v. Covell, 191 P.3d 985, 989 (Alaska 2008)). "[A] landowner has a general duty to 'act as a reasonable person in maintaining his property in a reasonably safe condition in view of all the circumstances.'" Hurn v. Greenway, 293 P.3d 480, 483 (Alaska 2013) (quoting Webb v. City & Borough of Sitka, 561 P.2d 731, 733 (Alaska 1977)); see also Burnett, 191 P.3d at 990. Such circumstances include "the likelihood of injury to others, the seriousness of the injury, and the burden on the respective parties of avoiding the risk." Schumacher v. City and Borough of Yakutat, 946 P.2d 1255, 1258 (Alaska 1997) (quoting Webb, 561 P.2d at 733).

The defendant acknowledges that "a landowner has a duty to exercise reasonable care," but she nonetheless suggests that the relevant duty of care in this case is much narrower.[37] Thus, there is no doubt defendant had some duty to the plaintiff. The exact

---

[37]Motion for Summary Judgment at 9, 16-18, Docket No. 42; Reply in Support of Motion for Summary Judgment at 2, 4-5, 7-8, Docket No. 51.

ORDER – Motion for Summary Judgment - 9 -

formulation of defendant's duty will have to await trial of the case and settlement of jury instructions. Defendant is not entitled to summary judgment on the issue of duty.

Defendant next argues that plaintiff cannot establish the breach prong of her negligence claim. Defendant argues that she is entitled to summary judgment on this issue because a jury could only speculate as to whether defendant breached the duty of care that she owed to plaintiff, since "a mere fall," or the existence of a tire impression, are not evidence of a breach of duty.[38] She argues that plaintiff has proffered no admissible evidence that "Ms. Bacon or anyone else had become aware of the tire impression prior to plaintiff's fall."[39]

Plaintiff argues that there exist "genuine issues of material fact" that preclude entry of summary judgment.[40] Plaintiff says that, "[t]he primary genuine issue of material fact here is whether Ms. Bacon did 'something that a reasonably careful person would not do in [] receiving guests, or, . . . fail[ed] to so something that a reasonably careful person would do in safeguarding the health and wellbeing of visitors.'"[41]

"Whether a standard of care was breached is a factual determination." Fischer v. Home Depot U.S.A., Inc., No. 3:18-cv-00226-SLG, 2019 WL 4131699, at *6 (D. Alaska Aug. 30, 2019) (quoting Stewart v. Elliott, 239 P.3d 1236, 1239 (Alaska 2010)). See also Guerrero v. Alaska Hous. Fin. Corp., 6 P.3d 250, 256 (Alaska 2000) (fact-intensive inquiries pertain to the question of breach). In Burnett v. Covell, 191 P.3d 985, 989

---

[38]Reply in Support of Motion for Summary Judgment at 1-2, 4, Docket No. 51.

[39]Id. at 2.

[40]Statement of Genuine Issues of Material Fact at 1-2, Exhibit 13, Opposition to Motion for Summary Judgment, Docket No. 50-13.

[41]Opposition to Motion for Summary Judgment at 7, Docket No. 50.

(Alaska 2008), the Alaska Supreme Court stated that specific factual findings are required in order to establish a breach of a landowner's duty of care to guard against risks created by dangerous conditions on the landowner's property. Specifically, the court held that a plaintiff "must show that dangerous conditions existed on the property and that the property owner did not use due care to guard against unreasonable risks posed by these dangerous conditions." Id. "[S]omething more than the mere occurrence of an accident generally must be shown before an inference of lack of due care will arise." Kaatz v. State, 540 P.2d 1037, 1045 (Alaska 1975).

Here, viewing the evidence in the light most favorable to plaintiff as the non-moving party, there exists evidence beyond the mere occurrence of plaintiff's accident that suggests that the defendant breached the duty of care she owed to plaintiff. It is undisputed that there was an irregularity of substance in defendant's parking area. As noted above, plaintiff has testified that prior to her fall, she was not aware of the uneven ground. She has also testified that it was difficult to see the depression because it was similar in color to the surrounding gravel and because it appeared to have just sunken away from the surrounding ground. Finally, she has testified that the area became uneven after a vehicle was left parked in the area during breakup. Thus, there exists evidence in the record that there may have been a dangerous condition on defendant's property.

Defendant argues that plaintiff has proffered no admissible evidence that anyone was aware of the tire impression prior to plaintiff's fall. As the Alaska Supreme Court explained in Edenshaw v. Safeway, Inc., 186 P.3d 568, 570 (Alaska 2008), abrogated in part, on other grounds, in Buntin v. Schlumberger Tech. Corp., 487 P.3d 595 (Alaska

ORDER – Motion for Summary Judgment - 11 -

2021), a grocery store slip-and-fall case, notice "is one factor that a factfinder may consider in determining reasonableness, it is not an element of a prima facie case." The court further explained that "[e]vidence of notice or lack thereof may be relevant to the question whether a defendant breached a duty of care and therefore should go to the fact finder." Id. at 571.

Here, the evidence before the court, and all reasonable inferences drawn in favor of plaintiff, show that there exists a genuine dispute as to whether defendant breached the duty of care she owed plaintiff.

Finally, defendant argues that plaintiff cannot establish the causation prong of her negligence claim. Defendant claims that a jury could only speculate as to whether a breach of the duty of care she owed to plaintiff proximately caused plaintiff's fall.[42] Defendant argues that the mere possibility of causation alone is insufficient to withstand a summary judgment motion.[43] Plaintiff does not directly address the causation prong of her negligence claim in her opposition brief. However, she does note the question of her own potential comparative negligence and the role it may have played in this case, and states that the question of causation would create a genuine issue of material fact.[44]

As with the breach prong of a negligence claim, "[f]act-intensive inquiries pertain to the issue[] of . . . causation . . ." Guerrero, 6 P.3d at 255 (quoting Bolieu v. Sisters of Providence in Wash., 953 P.2d 1233, 1241 (Alaska 1998)). And, as noted above, it is undisputed that the section of ground where plaintiff fell became depressed after a

---

[42]Motion for Summary Judgment at 1, 14-16, Docket No. 42; Reply in Support of Motion for Summary Judgment at 1-2, Docket No. 51.

[43]Motion for Summary Judgment at 15, Docket No. 42.

[44]Opposition to Motion to Dismiss at 6-7, Docket No. 50.

ORDER – Motion for Summary Judgment - 12 -

vehicle was left parked in the area during break-up. There is evidence that plaintiff was not aware of this depressed area, and that she did not see it before her fall. There is evidence that when plaintiff stepped into the depressed area, both ankles twisted, that she fell to the side, and that she was injured. Thus, the evidence before the court, and all reasonable inferences drawn therefrom, taken in the light most favorable to plaintiff, show that there may have been a breach of defendant's duty to maintain her property in a reasonably safe condition and that the breach of duty proximately caused plaintiff's fall and injury. Plaintiff's evidence shows that there exists disputed issues of material fact as to the causation prong of plaintiff's claim.

## Conclusion

For the above reasons, defendant's motion for summary judgment is denied. Plaintiff's request for oral argument is denied as moot.

DATED at Anchorage, Alaska, this  3rd  day of March, 2022.

/s/   H. Russel Holland
United States District Judge